THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:21CR628 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CARLOS L. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

On February 19, 2025, the Court finalized Defendant Carlos Thomas' sentence of 115 months.  This order serves to supplement the Court's sentencing.

During Thomas' sentencing, the parties' agreed that the Court properly calculated his advisory guideline range.  Specifically, Thomas' conduct resulted in an offense level 21 with a criminal history category IV.  Taking into account the mandatory minimum of 60 months, Thomas' advisory guideline range was calculated to be 60 to 71 months.  The Court, as detailed below, then concluded that an upward variance was necessary based upon the unique factors presented by Thomas and his background.

Section 3553(a) Factors

Initially, the Court is mindful that "[t]he greater the variance [from the guidelines], the more compelling the justification must be." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754

(6th Cir. 2020). "While [there is no] form of strict proportionality review," *United States v. Robinson*, 669 F.3d 767, 775 (6th Cir. 2012), the Sixth Circuit do "require some correlation between the extent of a variance and the justification for it," *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008). With that backdrop in mind, the Court notes that it varied roughly 62% from the top of Thomas' advisory guideline range.

As the Court detailed during Thomas' hearing, his criminal background is one of the most extensive backgrounds the Court has seen. Thomas began his involvement in the criminal justice system at age 15 with two minor offenses – driving without a license. However, while still 15, he was accused of trafficking in cocaine along with a weapons control offense and was adjudicated delinquent. A few months later, Thomas was adjudicated delinquent for theft, eluding police, and reckless driving. Thomas' final adjudication *while still 15* was for aggravated vehicular assault. At 16, Thomas was adjudicated delinquent on three occasions for drug possession. At 18, Thomas was charged for the first time as an adult – this time for trafficking in cocaine. He was sentenced to one year of probation which was ultimately terminated as unsuccessful.

At 19, Thomas was convicted of possession of drugs on two separate occasions and given his first period of incarceration of 8 months. Roughly 11 days after the completion of that sentence, Thomas was caught driving under suspension. Two days later, he was charged with disorderly conduct. Three months later, he was charged with resisting arrest and driving under suspension again. In 2001, Thomas turned 21 and was subsequently charged and convicted of disorderly conduct, possession of drugs, and criminal gang activity. For those convictions, Thomas was ordered to serve 8 years in prison.

A little more than three years after his release. Thomas returned to drug activity and was convicted of drug trafficking again. While Thomas was initially sentenced to only probation, his probation was ultimately unsuccessful and he was sentenced to 17 months in prison. Eight months after his release, Thomas was charged with failure to comply and multiple trafficking offenses. For these convictions, Thomas was sentenced to 7 months of incarceration.

Following his release, it appears, on paper at least, that Thomas engaged in his longest period of non-incarceration in his adult life. He was released on August 6, 2016. Thomas was then indicted in this matter for drug trafficking that began on or about June 29, 2021.[1] The traffic stop that ultimately led to these charges resulted in a search that revealed nearly $4,000 in currency, seven phones, sandwich bags, a digital scale, 10.9316 grams of cocaine, and 108.074 grams of a substance that contained both heroin and tramadol.

Thomas was indicted for these actions on August 25, 2021. However, a warrant for his arrest remained pending until another traffic stop on September 13, 2024. That stop resulted from law enforcement receiving information that Thomas was once again engaged in drug trafficking. During the 2024 stop, Thomas was found to have nearly $1,200 in U.S. currency and 2.45 grams of crack cocaine. Following his arrest, Thomas *continued* to engage in unlawful activity. Monitoring his jail calls revealed that Thomas contacted Gregory Devaughn to remove additional contraband from his house. Thomas also admitted that he was worried about his residence being searched and had instructed his mother to remove all his U.S. currency from the house. Eventually, law enforcement obtained a warrant for the residence that resulted in the seizure of three firearms and $12,400 in cash.

---

[1] As the presentence report reflects, however, Thomas has no verifiable source of legitimate income for this entire time period. Instead, Thomas claims to have survived doing "under-the-table" car repairs.

While defense counsel described his client as "average" when requesting a guideline sentence, the Court cannot agree with such a description.  Thomas has engaged in serious criminal activity on a consistent basis for nearly thirty years of his life, starting at age 15.  Courts have tried nearly every approach to deter his conduct, ranging from probation to an eight-year prison sentence.  Unfortunately, no form of punishment or combination of punishments appears to have been a successful deterrent.  Instead, Thomas has time again returned to drug dealing and spreading poison across his community.

Including a few driving offenses, Thomas appears to have 33 court proceedings that led to either convictions or admissions of violations.  Thomas also had at least 11 other occasions in which cases were filed against him but ultimately dismissed or abandoned.  Thomas was also arrested on at least 4 other occasions that did not result in formal charges.  In other words, Thomas has consistently violated the law throughout his entire adult life, refusing to be deterred by the consequences he has received to date.  Given this type of criminal history, coupled with the fact that a 96-month sentence from a state conviction did not serve as a deterrent, the Court concludes that a 115-month sentence is sufficient but not greater than necessary to fulfill the purposes of sentence.

In so choosing this sentence, the Court is mindful that Thomas' criminal history is generally included in the advisory guideline calculation when determining that he was a criminal history category IV.  However, that calculation fails to take into account the sheer number of convictions and their failed attempts at deterrence.  Moreover, Thomas' history and the instant offense conduct do not account for his post-arrest actions.  Thomas actively took steps to attempt to conceal additional evidence of his guilt by involving numerous other individuals, effectively seeking to keep his drug trafficking business active while he was incarcerated. As such, a

substantial upward variance was necessary to both protect the public and deter Thomas from future criminal conduct.

The Court placed the remaining terms of Thomas' sentence on the record during his sentence and within his written judgment. Therefore, they will not be reiterated herein.

IT IS SO ORDERED.


Dated: March 3, 2025 /s/ Judge John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT